**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| **ALLIED MACHINE & ENGINEERING** | ) | **CASE NO. 1:10CV773** |
| **CORPORATION,** | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **COMPETITIVE CARBIDE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #14) of Defendant,

Competitive Carbide, Inc. ("Carbide"), for Summary Judgment.  For the following reasons,

Carbide's Motion is granted on the basis of the on-sale bar under 35 U.S.C. § 102(b); and the

Complaint of Plaintiff, Allied Machine & Engineering Corporation ("Allied"), is dismissed.

## I. FACTUAL BACKGROUND

Allied and Carbide both manufacture industrial drilling tools.  Allied's President,

Joseph Nuzzi ("Nuzzi"), and another Allied employee conceived of a new drilling tool for

producing port seals and decided to file a patent application claiming their invention.  Nuzzi

filed a provisional patent application (application 60/404,091, "the '091 application")

describing the invention on August 16, 2002.  Nuzzi filed a non-provisional patent application claiming priority to the '091 application on August 15, 2003.  The United States Patent and Trademark Office ("the PTO") reviewed Nuzzi's application and granted U.S. Patent 6,984,094 ("the '094 patent") on January 10, 2006.  On the same day, Nuzzi filed a continuation-in-part application claiming priority to the '094 patent.  The PTO reviewed the continuation-in-part application and issued U.S. Patent 7,632,050 ("the '050 patent") on December 15, 2009.

Carbide manufactures the G-Port drilling tools ("the G-Port") and the Helmet Head drilling tools ("the Helmet Head").  The parties do not dispute the G-Port was sold before the '091 application's critical date, August 16, 2001, thus making it prior art under 35 U.S.C. § 102(b) (2006).[1]  Carbide introduced the Helmet Head on May 19, 2003.  Therefore, the Helmet Head is not prior art to the '094 patent.  Likewise, as the '050 patent claims priority to the '094 patent's filing date, the Helmet Head cannot antedate the claims in the '050 patent that do not include new matter.  *See* The Manual of Patent Examining Procedure § 2133.01 (8th ed. rev. 8, July 2010); *Paperless Accounting v. Bay Area Rapid Transit Sys.*, 804 F.2d 659, 665 (Fed. Cir. 1986).  Allied's Complaint alleges that the G-Port and the Helmet Head infringe claims 1, 2, 4, 8, 10, 11, 13, and 15-19 ("the asserted claims") of the '050 patent.[2] Carbide agrees that the asserted claims do not contain new matter, and thus, Allied may claim

---

[1]     The critical date is the date one year prior to the application date.  *See Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 57-58 (1998).

[2]     Allied is not asserting claims 3, 5-7, 9, 12, 14, 20, and 21 ("the '050 patent's non-asserted claims").

the benefit of the '094 patent's filing date.  Consequently, the Court centers its analysis on Carbide's argument that the G-Port invalidates the asserted claims.  Following a brief period of initial discovery and a case management conference, Carbide filed the Motion currently before the Court.

In its Motion, Carbide initially asserts that it does not infringe the asserted claims; but alternatively, concedes infringement for the purpose of an on-sale defense.  Carbide also argues the G-Port tool anticipates the '050 patent.  Lastly, Carbide asks the Court to invalidate both the '050 patent and the '094 patent.  In its response, Allied insists it "is only asserting" the asserted claims against the Helmet Head drilling tool.  (ECF DKT #17 at 6).  Allied further argues the G-Port does not anticipate the '050 patent; and asks the Court to enter a *sua sponte* judgment that the Helmet Head infringes the asserted claims.  Allied argues, in conclusion, that the Court does not have subject matter jurisdiction to invalidate the '094 patent.

## II.  LAW AND ANALYSIS

Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A fact is material if its resolution "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.  While a court may enter summary judgment where only legal questions remain, there are instances when summary judgment is not proper because additional factual development may help develop the law and its application in the case.  *See K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362 (Fed. Cir. 1999) (affirming entry of summary judgment where parties did not dispute

attributes of allegedly infringing product); *Bayer AG v. Biovail Corp.*, 279 F.3d 1340, 1349 (Fed. Cir. 2002) (refraining from reviewing claim construction and remanding case for further factual development). Conversely, a court should enter summary judgment when the nonmoving party fails to respond to a properly supported motion. Fed.R.Civ.P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**Anticipation and Infringement**

35 U.S.C. § 102(b) precludes an applicant from obtaining a patent when "the invention was patented or described in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." A product anticipates a claim when it is prior art under § 102 and it contains each and every element of the claim. *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997). As anticipation and infringement both require an each-and-every-element-of-the-claim analysis, a product that would literally infringe a claim anticipates that claim if the product is prior art under § 102. *See Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368 (Fed. Cir. 2001) ("that which would literally infringe if later anticipates if earlier"). Thus, an anticipation analysis essentially mirrors an infringement analysis. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("Conceptually, the first step of an invalidity analysis based on anticipation and/or obviousness in view of prior art references is no different from that of an infringement analysis"). Accordingly, "claims must be interpreted and given the same meaning for purposes of both validity and infringement." *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 882 (Fed. Cir. 1988). After properly construing the claims, determining whether a product anticipates a claim is a

question of fact.  *In re Cruciferous Sprout Litig.*, 301 F.3d 1343, 1346 (Fed. Cir. 2002); *see also Green Edge Enters., LLC, v. Rubber Mulch Etc.*, *LLC*, 620 F.3d 1287, 1297 (Fed. Cir. 2010) (affirming denial of summary judgment where infringer argued competitors' sales invalidated the asserted patent).  Likewise, determining if a product infringes under a particular claim construction is a question of fact.  *Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1159 (Fed. Cir. 2007).

Carbide contends that the G-Port anticipates the '050 patent based upon Allied's Initial Infringement contentions.  Carbide submits an exhibit (ECF DKT #14-22), providing a pictorial depiction of the G-Port with arrows corresponding to some elements of the asserted claims; but fails to specify whether the G-Port is "adapted to form a port seal in a single cutting operation."  Allied relies upon Nuzzi's affidavit (ECF DKT #17-4) to argue that the G-Port does not form a port hole in a single cutting operation, because it occasionally produces port holes with an undesirably small diameter; and the only way to fix this error is by performing a second cutting operation to enlarge the hole.  Carbide responds with the affidavit (ECF DKT #22-3) of its President, Tom Cirino, who insists Nuzzi's statements are speculative or incorrect; and avers the G-Port produces port holes in a single cutting operation that meet international standards.

These conflicting affidavits essentially provide differing initial constructions for the term "single cutting operation" and create an issue whether the G-Port meets Allied's apparently narrower initial construction.  As such, the affidavits demonstrate that a genuine issue of material fact remains in dispute.  "Only when a claim is properly understood can a determination be made whether the claim 'reads on' the accused device or method, or whether

the prior art anticipates and/or renders obvious the claimed invention." *Amazon.com, Inc.*, 239 F.3d at 1351.  Therefore, at this point in the litigation, prior to claims construction, the Court must deny Carbide's anticipation defense and Allied's request to enter judgment against Carbide *sua sponte*.

**On-Sale Bar**

Carbide alternatively argues that the '050 patent is invalid because the G-Port was on sale more than one year before Allied filed the '091 application.

Section 102(b)'s on-sale bar precludes an applicant from filing a patent application when two conditions are met.  *Pfaff*, 525 U.S. at 67.  First, the invention must be ready for patenting more than one year before the application is filed.  *Id.*  Second, the invention must be the subject of a commercial offer for sale more than one year before the application is filed.  *Id.*  The on-sale bar typically operates to prevent an applicant from extending the patent term by commercializing his or her invention more than one year before applying for a patent.  *See STX, LLC v. Brine, Inc.*, 211 F.3d 588, 590 (Fed. Cir. 2000).

Significant to the Court's analysis of the instant case, in an atypical application of the on-sale bar, a competitor triggers the bar by selling a product that anticipates the claimed invention.  *E.g., Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000); *Evans Cooling Sys., Inc. v. General Motors Corp.*, 125 F.3d 1448, 1451 (Fed. Cir. 1997). Accused infringers relying upon their own sales for an on-sale defense may bypass the conventional anticipation analysis by stipulating to infringement for the purpose of an on-sale defense.  *Evans Cooling Sys.*, 125 F.3d at 1451 (discussing alternative pleadings); *cf. Bennett Regulator Guards, Inc. v. Canadian Meter Co., Inc.*, 184 F.App'x. 977, 978, n.1 (Fed. Cir.

2006) (infringement allegation satisfied anticipation analysis for public use defense).  Once the alternative stipulation is made, the party asserting the on-sale defense must present clear and convincing evidence that the patent is invalid to overcome the patent's statutory presumption of validity.  *See Evans Cooling Sys.*, 125 F.3d at 1451; 35 U.S.C. § 282 (2002).  In the on-sale context, such evidence frequently consists of purchase orders predating the patent's critical date.  *See STX*, 211 F.3d at 589; *Evans Cooling Sys.*, *id.*

Carbide's Answer (ECF DKT #5) generally avers that the '050 patent is invalid under 35 U.S.C. § 102(b).  In its Motion for Summary Judgment, Carbide begins by reaffirming its assertion that it is not liable for infringement; but then alternatively, stipulates to infringement for the purpose of its on-sale defense.  Specifically, Carbide relies on the January 22, 2001 sale of various G-Port tools to an industrial machining company, which antedates the '091 application's critical date.  Neither Allied's brief nor any of the affidavits supporting its brief challenge the sale or argue that Carbide ever materially changed the G-Port's design.  *See*, e.g., *Vanmoor v. Wal-Mart Stores, Inc*., No. 97-CV-6907, 1998 WL 34331784, at *3-4 (S.D. Fla. Dec. 15, 1998).

Allied, in its Opposition Brief, provides a concise overview of the patented technology and maintains that the Helmet Head, not the G-Port, infringes the asserted claims.  However, these assertions directly contradict Allied's Complaint (ECF DKT #1).  Paragraphs eight and nine of Allied's Complaint plainly allege that the G-Port **and** the Helmet Head infringe the '050 patent.  Allied has neither amended its Complaint nor argued that the G-Port identified in its Complaint differs from the G-Port in the January 2001 purchase order.  Thus, there is no genuine issue of material fact that the asserted claims of the '050 patent are invalid because

the G-Port tool was on sale more than one year prior to Allied's patent application.

Therefore, the Court grants Carbide's Motion to invalidate the asserted claims pursuant to the

35 U.S.C. § 102(b) on-sale bar.

### Declaratory Judgment Jurisdiction

Carbide's Motion seeks a declaratory judgment invalidating the '094 and '050 patents.

In particular, Carbide seeks to invalidate the '094 patent on the grounds that it is the

continuation-in-part parent of the '050 patent.  Additionally, Carbide seeks to invalidate every

claim of the '050 patent without distinguishing between the asserted claims and the '050

patent's non-asserted claims.

As an initial matter, neither Carbide's Answer nor its Counterclaim for Declaratory

Judgment claims the '094 patent is invalid.  Accordingly, the Court does not have jurisdiction

to rule on the '094 patent's validity.  *See Int'l Med. Prosthetics Research Assocs., Inc. v. Gore*

*Enter. Holdings, Inc.*, 787 F.2d 572, 576 n.8 (Fed. Cir. 1986) ("The basis for jurisdiction, i.e.,

facts showing a justiciable controversy, and notice of the case to be tried, should be found in

the complaint."); *see generally Cardinal Chem. Co. v. Morton Intern., Inc.*, 508 U.S. 83

(1993) (the "party seeking a declaratory judgment has the burden of establishing the existence

of an actual case or controversy"); *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340

(Fed. Cir. 2007) (determining whether jurisdiction existed at the time the declaratory

judgment filed).

Additionally, even assuming Carbide had pled the '094 patent, Carbide has not

identified any facts demonstrating the '094 patent was the subject of a substantial controversy

of sufficient immediacy that would warrant issuing a declaratory judgment.  *See MedImmune*

*v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *see also Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335-36 (Fed. Cir. 2008).  Likewise, although Allied's Complaint alleges Carbide infringes the asserted claims of the '050 patent, it does not automatically follow that this allegation raises a case or controversy in regard to the '094 patent or the '050 patent's non-asserted claims.  *See Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1382 (Fed. Cir. 2010) ("*MedImmune* did not hold that a patent can always be challenged whenever it appears to pose a risk of infringement"); *Micron Tech. Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008); *see Jervis B. Webb Co. v. Southern Systems, Inc.*, 742 F.2d 1388, 1399 n.8 (Fed. Cir. 1984) (reversing invalidation of non-asserted claims); *cf. Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573,1581 n.8 (Fed. Cir. 1993) (reversing invalidation of non-asserted claims); *see also Signode Corp. v. Strapex Corp.*, 1981 U.S. Dist. LEXIS 17854, 217 U.S.P.Q. 192 (S.D. Fla. Sept. 18, 1981) (denying declaratory judgment jurisdiction over non-asserted claims).  Ultimately, the Court cannot make a declaration on the validity of the '094 patent or the '050 patent's non-asserted claims because it does not have jurisdiction over the '094 patent or the '050 patent's non-asserted claims. Therefore, the Court denies Carbide's Motion to the extent it seeks a declaratory judgment invalidating the '094 patent and the '050 patent's non-asserted claims.

### III. CONCLUSION

For these reasons, the Court grants the Motion of Defendant, Competitive Carbide, Inc., for Summary Judgment on the alternative basis of the on-sale bar pursuant to 35 U.S.C. § 102(b).  The Court denies Defendant Carbide's anticipation defense; and moreover, denies Defendant Carbide's Motion to the extent it seeks a declaratory judgment invalidating the

'094 patent and the '050 patent's non-asserted claims.

In addition, the Court denies the request of Plaintiff, Allied Machine & Engineering Corporation, in its Opposition Brief, asking the Court to enter a judgment of infringement against Defendant Carbide *sua sponte*.

The Court, nonetheless, finds the asserted claims 1, 2, 4, 8, 10, 11, 13 and 15-19 of the '050 patent are invalid under 35 U.S.C. § 102(b).  Therefore, Plaintiff Allied's Complaint is dismissed.

**IT IS SO ORDERED.**

**DATE:  July 5, 2011**

**S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**